UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGRID JOHNSON, | CASE NO. 2:25-cv-00911-JHC |
| Plaintiff, | ORDER |
| v. | |
| ERICA KNAUF SANTOS; JOANNA ANTIRIM; REGINE TUGUBLIMAS; KING COUNTY SUPERIOR COURT ADMINISTRATION, | |
| Defendants. | |

**I**
**INTRODUCTION**

This matter comes before the Court sua sponte. On May 13, 2025, self-represented Plaintiff Ingrid Johnson moved for leave to proceed in forma pauperis (IFP) and filed a complaint against Defendants Erica Knauf Santos, Joanna Antirim, Regine Tugublimas, and the King County Superior Court Administration. Dkt. # 1. Magistrate Judge Brian A. Tsuchida granted Johnson IFP status. Dkt. # 5.

A complaint filed by a plaintiff proceeding IFP is subject to a mandatory sua sponte review and the court "shall dismiss the case at any time if the court determines that . . . the action

or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The Court has reviewed Johnson's complaint, Dkt. # 6, and for the reasons discussed below DISMISSES it without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and DENIES Johnson's motion for a temporary restraining order, Dkt. # 2 as moot.

## II
### BACKGROUND

The Court takes as true the facts alleged in the amended complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Johnson alleges that Santos has "coordinated an unlawful eviction of [Johnson] and her minor child, knowingly filed legal documents during a fraudulent Notice of Unavailability, and manipulated court procedure to obtain an emergency restraining order through misrepresentation."  Dkt. # 6 at 1.  Johnson has sued Santos in state court "for fraud upon the court, conspiracy to interfere with custody, obstruction of justice, and civil rights violations under state, federal, and municipal law."  Dkt. # 6 at 1.

Johnson does not allege any claims against Santos; her only claims are brought under 42 U.S.C. § 1983 against Antirim, bailiff to Commissioner Monica Cary,[1] and Tugublimas, bailiff to Judge Maureen McKee.  Johnson alleges that Antirim has:

- Continued to copy Erica Knauf Santos on official court communications despite being formally notified that Santos was disqualified from further participation due to her role as a civil defendant;
- Ignored legal filings and courtesy notices explicitly requesting Santos's removal from all court correspondence;

---

[1] Johnson has previously sued Judge Monica Cary in federal court and her complaint was dismissed under 28 U.S.C. § 1915(e)(2) on grounds of judicial immunity and abstention under *Younger v. Harris*, 401 U.S. 37 (1971).  *Johnson v. Carey*, 2:25-cv-00564, at Dkt. # 12 (W.D. Wash. Apr. 22, 2025).

- Provided administrative support to enable Santos's continued litigation conduct, despite knowing it to be fraudulent.

Dkt. # 6 at 1.  Johnson alleges that Tugublimas has:

- Knowingly misrepresented court procedures in order to block [Johnson's] emergency motions from being reviewed;
- Claimed without legal basis that hearing dates and physical service were required, even when [Johnson] filed under LCR 7(b)(10) and RCW 26.44.050, which permit alternate relief procedures in child endangerment cases;
- Refused to act on properly transmitted working copies and documented service proofs.

*Id.* at 1–2.  She alleges that Antirim and Tugublimas's actions violate her "constitutional right to access the court." *Id.* at 2.

### III
### DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 does not demand detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted).  Simply stating the elements of a cause of action and then supporting it by mere conclusory statements does not suffice. *See id*.  The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must not interfere with pending state court cases that implicate "important state interests." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984).  "Absent extraordinary circumstances, abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Wong v. Astrue*, 2008 WL 2051044, at *3 (N.D. Cal. May 13, 2008) (quotation marks

and citations omitted).  Johnson asks the Court to enjoin Antirim and Tugublimas from performing administrative duties related to "Santos's unlawful participation in multiple court proceedings," at least some of which appear to be ongoing.  Dkt. # 6 at 1.  But because Johnson does not specify what these court proceedings are, the Court cannot assess whether they implicate important state interests or provide her with an adequate opportunity to litigate federal claims.  In her motion for a temporary restraining order, Johnson asks the Court to enjoin Santos from "appear[ing] or fil[ing] in any case involving [Johnson], including but not limited to Family Law Case No. 18-3-05341-6 SEA."  Dkt. # 2 at 1.  It does not appear that Johnson has attached materials from the cited family law case to her complaint or motion for a temporary restraining order.  *See* Dkt. ## 2; 6-2 at 1 (table of contents, sealed).  Nor does Johnson present in her complaint or motion for a temporary restraining order specific information concerning the state proceedings with which she takes issue.  In a supplemental declaration, Johnson declares that Antirim falsely claimed that part of a hearing was "on the record," but the context is not entirely clear.  *See* Dkt. # 6-4 at 1.  Johnson also declares that there are problems with filing materials with the state court, but it is unclear how these issues relate to Antirim and Tugublimas.  Although a self-represented plaintiff like Johnson "is entitled to leeway when the court construes her pleadings, it is not the court's duty to sort through [her] complaint and documents in order to piece together the basis of her claim[s]."  *Slaughter v. Valley View I LLP*, 2023 WL 6461058, at *2 (W.D. Wash. Oct. 4, 2023) (citations omitted).  Thus, the Court dismisses the complaint for lack of specificity.

**IV**
**CONCLUSION**

For these reasons the Court DISMISSES without prejudice Johnson's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and grants leave to amend within 14 days of the filing of this Order.

*See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Johnson's amended complaint fails to meet the required pleading standard, the Court will dismiss the matter with prejudice. Because the Court dismisses Johnson's complaint, it DENIES Johnson's motion for a temporary restraining order, Dkt. # 2, as moot.

Dated this 15th day of May, 2025.

John H. Chun
United States District Judge