1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGRID JOHNSON,

                        Plaintiff,

       v.

ERICA KNAUF SANTOS; JOANNA
ANTIRIM; REGINE TUGUBLIMAS; KING
COUNTY SUPERIOR COURT
ADMINISTRATION,

                 Defendants.

CASE NO. 2:25-cv-00911-JHC

ORDER

16

17

18

19

      This matter comes before the Court on Plaintiff Ingrid Johnson's Emergency Motion to Expedite Judicial Action and Notice of Due Process Violation. Dkt. # 9 (mislabeled on the docket as "Emergency Second Amended Complaint"). For the reasons below, the Court DENIES the motion.

20

21

22

23

24

      The Court previously dismissed Johnson's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and granted her leave to file an amended complaint. Dkt. # 7. The Court explained that under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must not interfere with pending state court cases that implicate "important state interests." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984). And because Johnson did not, among other things,

specify what state court proceedings she takes issue with, the Court stated that it "cannot assess whether they implicate important state interests or provide her with an adequate opportunity to litigate federal claims." Dkt. # 7 at 3–4.

Rather than correct these deficiencies, Johnson's present motion begins with details about her child's medical conditions and a statement that her child "was illegally evicted, stripped of all personal belongings, and cut off from his sole safe parent." Dkt. # 9 at 1. Assuming the veracity of the representations, the Court has sympathy with respect to Johnson's concern for her child but cannot proceed with adjudicating her claims without an amended complaint. Because her motion at Dkt. # 9, despite being labeled as a "Second Amended Complaint," is in fact a motion for a temporary restraining order, Johnson may still file an amended complaint within the deadline set forth at Dkt. # 7.

Johnson's motion also raises new claims about the Court's delay in acting on her motions. She says:

> Since [insert date], Plaintiff has submitted:
>
> - A Motion for TRO and Injunction
> - A Motion for Custody Relief based on default judgment
> - A Motion to Disqualify an opposing attorney under active civil investigation for criminal misconduct
> - Declarations, exhibits, and proof of service

Dkt. # 9 at 1–2. She asserts that the Court has failed to (1) acknowledge receipt; (2) set hearings; (3) issue orders; and (4) provide any explanation for delay as to these motions. *Id.* at 2. But the Court has denied her first motion for a temporary restraining order as moot, Dkt. # 7, and no

other motion remains pending on the docket.  The motions Johnson attaches to her present

motion are all labeled for state court, not this Court.[1]  *See e.g.*, Dkt. # 9-3 at 5, 22.

Finally, Johnson's motion says that Defendant Erica Knauf Santos has allegedly

committed, among other things, "Felony Obstruction of Justice," and "Pattern of Racketeering

Activity (RICO)."  Dkt. # 9 at 3.  But as the Court explained in its prior order, Johnson's initial

complaint did "not allege any claims against Santos."  Dkt. # 7 at 2; *Pac. Radiation Oncology,*

*LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive

relief based on claims not pled in the complaint, the court does not have the authority to issue an

injunction.").

Dated this 21st day of May, 2025.

John H. Chun
United States District Judge

---

[1] Johnson also makes four demands for 'immediate action." Dkt. # 9 at 2–3.  To the extent that these demands are not moot for the reasons discussed above, the Court denies these requests because Johnson does not cite any authority to support them.