UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGRID JOHNSON,<br><br>             Plaintiff,<br><br>   v.<br><br>ERICA KNAUF SANTOS ET AL.,<br><br>             Defendants. | CASE NO. 2:25-cv-00911-JHC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

      This matter comes before the Court on Plaintiff Ingrid Johnson's Motion for Reconsideration. Dkt. # 18. Johnson asks the Court to reconsider its order dismissing her claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). Dkt. # 17. For the following reasons, the Court DENIES the motion.

      Johnson brings her motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). "Motions for reconsideration are disfavored" and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h). Because Rule 59(e) does not provide specific grounds for a motion to amend a judgment, "the district court enjoys considerable discretion in granting or

denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). Amending a judgment, however, is "an extraordinary remedy which should be used sparingly." *Id.* (citation omitted). Fed. R. Civ. P. 60(b) sets forth various reasons for relieving a party from a final judgment or order. Johnson does not specify a subsection under Rule 60(b). Rule 60(b)(6) is a catch-all provision that allows courts to grant relief "sparingly as an equitable remedy to prevent manifest injustice, and only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *In re Wylie*, 349 B.R. 204, 212 (B.A.P. 9th Cir. 2006) (quotation marks and citation omitted).

Johnson does not show manifest error. First, she takes issue with the Court's denial of her motion for a preliminary injunction, Dkt. # 13, as moot. She contends that there is a live controversy because she suffers ongoing harms such as the being denied custody of her child. But the Court's denial of the preliminary injunction motion is based on the dismissal of her operative complaint, not the lack of an ongoing harm. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Second, she asserts that the Court dismissed her claims with prejudice without providing "notice or an opportunity to cure the alleged deficiencies." Dkt. # 18 at 2. The Court, however, dismissed her initial complaint without prejudice and granted leave to amend. Dkt. # 7. Finally, she says that the Court failed to liberally construe her claims and address them on the merits. But she does not offer any reason for the Court to conclude that it erred in dismissing her amended complaint under *Younger v. Harris*, 401 U.S. 37 (1971) because it is improper for

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

the Court to interfere with an ongoing state family law case that provides an adequate opportunity to litigate federal claims.[1]

Dated this 28th day of May, 2025.

John H. Chun
United States District Judge

---

[1] Johnson suggests that she raised claims of "retaliation by court officers and Seattle Police," "police misconduct," and an "unlawful eviction." Dkt. # 18 at 2. But she neither cites parts of her amended complaint that might have been overlooked, nor explains how these claims are distinct from the custody dispute. These claims are not sufficiently alleged in her amended complaint, which emphasizes that the "The heart of this case is not Ercia Knauf Santos. It is a child in danger." Dkt. # 12 at 3.

ORDER DENYING MOTION FOR
RECONSIDERATION - 3